LADIES' LIBRARY ASS'N OF GREENVILLE, UNINCORPO-
RATED, *v.* LADIES' LIBRARY ASS'N OF GREENVILLE,
INCORPORATED.

RECEIVERS—APPOINTMENT—PENDING LITIGATION—JUDICIAL DIS-
CRETION.

On a bill filed by a voluntary library association, in a dispute between it and an incorporated library association organized by some of its officers and members, to determine the rights to the property claimed by the former association, the appointment of a receiver, without expense, during the pendency of the litigation, is *held* a proper exercise of judicial discretion.

Appeal from Montcalm; Davis, J.   Submitted January 7, 1909.   (Docket No. 24.)   Decided March 3, 1909.

Bill by the Ladies' Library Association of Greenville,

Michigan, Unincorporated, against the Ladies' Library Association of Greenville, Michigan, Incorporated, and others, to determine the right to possession of certain property. From an order placing the property in the custody of a receiver pending a hearing on the merits, defendants appeal. Affirmed.

*N. O. Griswold,* for complainant.

*Rarden & Rarden* and *R. A. Hawley,* for defendants.

McAlvay, J. Complainant, an unincorporated voluntary association, was organized in the year 1868 for the purpose of establishing and maintaining a permanent library for the use of its members and others, under certain rules and restrictions, and such association continued uninterruptedly to carry out such purpose until 1907. It had for several years prior to 1907 been furnished gratuitously a library room suitably heated and lighted, in the city hall of Greenville, by the municipal authorities. Its library had increased to 4,000 volumes, and, besides, it owned certain library furniture and a piano; all its said property amounting in value to the sum of about $4,000. The constitution of complainant association provided that it should remain a permanent library association, and that its property and funds should not be sold or used for any other purpose. Only women were eligible to membership, and there was no requirement of an election to membership. Any lady might become a member on the payment of a membership fee of $1 and pledging the payment of 25 cents as quarterly dues. The by-laws also provided that any person (male or female) might become a subscriber by paying 50 cents quarterly, and men were entitled to the use of the library, under the same rules and restrictions as members, upon the payment of $1, and 25 cents as quarterly dues. On June 15, 1907, differences which must have theretofore existed for some time between some of the officers and members of complainant association culminated in the organization of defendant

corporation by 10 members or subscribers of complainant association, including in this number the president and two other officers, under Act No. 171, Pub. Acts 1903, entitled "An act for the incorporation of associations not for pecuniary profit."

This corporation adopted the name of complainant. In the article of incorporation then executed, three of the four trustees required to be named therein for the first year were the president and two other officers of complainant association, then and for a long time theretofore so acting. It appears, also, that the president of complainant was elected president of the corporation, which corporation and its officers immediately entered upon the duties of their respective offices, and assumed to be entitled to the possession, ownership, and control of the library and all the property of complainant, to the exclusion of all members of the old association who were not included in the corporation organized. The material differences between the constitutions of the old and new associations are that in the new one applications for membership must be made to the secretary accompanied with a fee of $10, and the applicant must be elected by a majority vote of members present, and the provision that "the association remain a permanent library association, the property of which cannot be sold nor its funds appropriated for any other purpose," is omitted. The annual meeting of the new organization was fixed for the same date as the old. The original bill of complaint was filed about September 1, 1907, against defendant corporation and Amelia Lester. It set out, among other things, the facts herein stated, and prayed that said defendants be required to yield and deliver up possession and control of complainant's property; that the officers who had joined defendant corporation, which assumed to be complainant's successor, be declared to have forfeited their trust and all right and title to such offices, and for general relief. On September 3d, on motion of complainant, an order was granted against defendants to show cause why an injunction should not issue, which

order was returnable September 9th, and contained a proviso that, if the motion was not disposed of before September 11, 1907, defendants were restrained from interfering with the annual election of complainant to be held at the library room on that date. Notice of this annual meeting was duly given on the part of complainant to be held at the library on that date. Defendant Amelia Lester, representing the new association, issued notice of a meeting to be held on September 5, 1907, at her residence, "for the purpose of taking action upon the resignation of the president, and to take action in regard to the suit now pending against said association," to which notice she signed her name as president. Later she issued a further notice of the regular annual meeting of complainant association, to be held September 11, 1907, at the same place, which notice she also signed as president. Solicitor for complainant, considering that matters which had occurred subsequent to filing the bill of complaint were material, and should be litigated in this suit, and that other parties should be joined as defendants, prepared a supplemental bill and made a motion for an order granting permission to file the same, and for an injunction and receiver. This motion was noticed for hearing and argued at length on both sides. The original defendants in the meantime answered fully all the charges contained in the original bill of complaint. Coupled with this answer was a demurrer. On April 13, 1908, complainant was granted leave to file a supplemental bill. An injunction was granted, a receiver appointed, and four other parties were named as defendants. From this order the case is before us for review on appeal. No answer has been filed to the supplemental bill, and the cause is therefore not at issue as to any of the defendants. All of the defendants named in both bills have joined in this appeal.

We will avoid, as far as may be, any discussion of the disputes in the case. The record admits the fact that a corporation was organized as charged, and that the president and other officers of complainant became president and

trustees of the corporation, and that at the time of the annual meeting they undertook to hold such meeting as the annual meeting of complainant. Just exactly what these defendants claim that their relations to these two organizations are is not clear. Enough appears, however, to show that they dispute the claims of complainant's right to the property in question, and deny any authority to bring this suit. The court below in hearing the motion upon which this order was granted had before him the original bill and answer, the supplemental bill, and all the affidavits of both parties. The court was warranted from the record then before him in making the order appealed from, and in doing so acted fairly and for the best interests of both parties. All the property in dispute is in the custody of the receiver without expense. The property is not such as will deteriorate in value from not being used. The business is not one in which a loss can occur and the contradictory and irreconcilable claims of the parties can be settled only after a full hearing on the merits.

No other questions need be discussed. The order is in all respects affirmed, and the case will be remanded to the circuit court for further proceedings. Complainant will recover costs.

BLAIR, C. J., and GRANT, HOOKER, and MOORE, JJ., concurred.